RIVERA *v.* GONZÁLEZ ET AL.

## APPEAL from the District Court of Ponce.

No. 106.—Decided June 14, 1907.

APPEAL—EVIDENCE—STATEMENT OF FACTS—APPROVAL OF JUDGE—CONSENT OF PARTIES.—In order that the Supreme Court may consider on appeal the findings of the inferior court upon the evidence, it is necessary that they be set forth in a statement of facts which must be approved, certified, and signed by the judge trying the case, and, in case of failure, to comply with such requirements, it will not be deemed authentic, and consent of the parties alone is not sufficient.

The facts are stated in the opinion.

*Mr. Antonsanti* for appellant.

*Mr. Yordan Dávila* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

Under date of December 2, 1905, Juana Rivera Méndez filed a complaint in the District Court of Ponce against Alejandrina González Vargas, Carlos, Patterne y Boisjoli, Juana Evangelista Patterne y González, Eduardo Salichs y Simonpietri, Mario Mercado y Montalvo, and Jacinta Rivera Méndez, praying that in due time judgment be rendered declaring null and void the execution proceedings prosecuted in the former Court of First Instance of Ponce by Solicitor Rodolfo del Valle on behalf of the defendants, Alejandrina González Vargas, Carlos and Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González, and Eduardo Salichs y Simonpietri, against José Rivera Cintrón, for the recovery of $3,198, and that each and every one of the proceedings had therein be annulled, especially the order of sale made and the award of the estate on which execution was levied to Mario Mercado y Montalvo, also a defendant herein, with the costs against the defendants.

Juana Rivera Méndez alleged the following facts in her complaint:

"1. That upon the death of José Rivera Cintrón he left five children, called Juana and Jacinta Rivera Méndez, the plaintiff and one

of the defendants, respectively, in this action, and José Bonifacio, and María, who died without leaving any will or ascendants or descendants, or any other heirs except their two said sisters.

"2. That José Rivera Cintrón was the owner of a plantation consisting of about 50 *cuerdas* of land, planted to coffee and bananas, situated in the *barrio* of Vegas Arriba, judicial distrct of Adjuntas, bounded on the east by lands belonging to Jaime Oliver; on the west by lands of Gabriel Vicens; on the north by lands of Evaristo Cruz; and on the south by lands of Antonio Almodóvar.

"3. That by public instrument executed on June 26, 1879, José Rivera Cintrón and Carlos Patterne, the father of the defendants of the same surname, entered into a contract by virtue of which Patterne obligated himself to make a loan for the maintenance of the estate, agreeing to deliver to José Rivera Cintrón the sum of 500 *pesos* before March, 1880; 400 *pesos* more before March 31, 1881; and another 300 *pesos* before March 31, 1882, making a total of 1,200 *pesos,* for the payment of which Rivera Cintrón mortgaged said plantation in favor of Patterne.

"4. That by another deed executed September 17, 1879, José Rivera Cintrón sold to José Salas the plantation mortgaged, with the express consent of Patterne, for the price of 8,000 *pesos,* part of which sum was paid in cash, the remainder being left for the future, the vendor reserving the right of ownership to the plantation as security for the balance remaining due, and Patterne acknowledging in the same deed that under the agricultural loan-contract entered into with Rivera Cintrón, that there remained due him only the sum of 500 *pesos,* which the vendee, José Salas, agreed to pay.

"5. That by another deed executed April 30, 1880, José Salas and Carlos Patterne entered into a new contract concerning the agricultural loan for the estate, changing the terms and stipulations of the original contract, Salas assuming all the liabilities which might develop from said contract.

"6. That upon the death of Carlos Patterne the persons constituting his estate, namely, the widow, Alejandrina González Vargas, Juana Evangelista Patterne y González, Carlos and Carlota Patterne y Boisjoli, and Eduardo Salichs y Simonpietri, instituted execution proceedings in the former court of first instance of Ponce, against José Rivera Cintrón, for the recovery of the sum of 3,198 *pesos,* namely, 1,200 *pesos,* which they alleged were due them under the agricultural loan-contract entered into between Patterne and Rivera Cintrón on June 26, 1879, and 1,998 *pesos* as interest on the principal

due, no mention being made in said complaint of the instruments of September 17, 1879, and April 30, 1880.

"7. That on September 26, 1889, the former court of first instance of Ponce issued a writ of execution against the property of José Rivera Cintrón, and especially against the mortgaged plantation, said plantation having been attached on the 28th of said month of September as if it were the property of José Rivera Cintrón, and on the 16th of October following an order of sale was made directing the prosecution of the execution.

"8. That on November 6, 1889, counsel for the execution creditor prayed the said court to extend the attachment to the other property on the ground that the plantation mortgaged was not sufficient to answer for the results of the proceedings, which extension of the attachment was made on the 8th of said month of November, being levied on certain personal property of José Rivera Cintrón.

"9. That the property attached having been offered at public sale it was awarded to the highest bidder, the defendant Mario Mercado y Montalvo.

"10. That although the defendant, Jacinta Rivera Méndez, has the same interest as the plaintiff in having said execution proceedings annulled, she is made a defendant in this action in compliance with · the provisions of section 66 of the Code of Civil Procedure, because it has not been possible to obtain her consent to appear as a plaintiff."

The defendant, Mario Mercado y Montalvo, acquiesced in the complaint, and in due time the default of the defendant, Jacinta Rivera, was entered owing to her failure to appear and make answer to the complaint.

The other defendants, Alejandrina González Vargas, Carlos and Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González, and Eduardo Salichs y Simonpietri, upon making answer to the complaint admitted the second, third, seventh, eighth and ninth statements of fact; but they denied the first, fourth, fifth, sixth and tenth, and made the following allegations:

"1. That by public deed executed on August 14, 1889, the defendant, Alejandrina González Vargas, assigned to the other defendant, Eduardo Salichs, the interest she might have in the mortgage credit

which gave rise to the execution proceedings, the annulment of which is involved.

"2. That by another public deed of April 18, 1903, Eduardo Salichs y Simonpietri, the assignee of the rights and actions of Alejandrina González Vargas, assigned, in conjunction with Carlota Patterne y Boisjoli and Juana Evangelista Patterne y González, to the defendant, Carlos Patterne y Boisjoli, the interest they might have in the said mortgage credit, the assignment being made without contingent liability on the part of the assignors, and the assignee, Carlos Patterne, becoming subrogated to their rights, with all the obligations which the creditor had contracted with respect to the debtor or his predecessor in interest.

"3. That the annulment of execution proceedings instituted as far back as the year 1889 being involved as it is, the action for annulment brought by Juana Rivera Méndez does not lie, because her right, if she ever had any, has prescribed, and because her action has become extinguished in accordance with the provisions of articles 410, subdivision 1, and 413 of the former Law of Civil Procedure applicable to this case, and articles 1916 and 1964 of the former Civil Code, which are the equivalents of sections 1862 and 1865 of the Revised Civil Code."

In view of the allegations made the defendants aforementioned prayed for a judgment, holding that the law and the facts are in favor of the defendants and against the plaintiff, that Alejandrina González Vargas, Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González, and Eduardo Salichs y Simonpietri, have been improperly made defendants, and that the action for annulment does not lie on account of the right of the plaintiff having prescribed and the cause of action having become extinguished by operation of law, with the costs against the said plaintiff.

The District Court of Ponce, after having heard the allegations of the parties and the evidence introduced at the trial, with the arguments of the respective counsel, rendered judgment on October 31, 1906, holding that the facts and the law were in favor of the plaintiff, and therefore setting aside the execution proceedings prosecuted against José Rivera Cintrón on behalf of Alejandrina González Vargas, Carlos

and Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González, and Eduardo Salichs y Simonpietri, and setting aside each and every one of the proceedings had in said action, especially the judgment of sale rendered on October 16, 1889, and the award of the estate sold under execution proceedings to the defendant Mario Mercado, with the costs against the defendants who contested the complaint.

Counsel for Alejandrina González Vargas, Carlos and Carlota Patterne y Boisjoli, Juana Evangelista Patterne y González, and Eduardo Salichs y Simonpietri, took an appeal from this judgment, which is now awaiting the action of this Supreme Court, after the written and oral allegations of counsel for both sides had been heard and considered.

The party appellant bases his objection to the judgment appealed from upon the fact that the plaintiff, Juana Rivera Méndez, has not established that she was the daughter and heir of José Rivera Cintrón; that according to the evidence heard at the trial the execution proceedings prosecuted against José Rivera Cintrón could in no way prejudice his heirs, nor José Salas, nor any other person; as the plantation in question was sold for the payment of a legitimate credit acknowledged by José Rivera Cintrón and by José Salas, who was the owner of the said plantation at the time of the execution, without any opposition having been made by the persons interested; and, finally, that the action for annulment brought has prescribed by operation of law.

The District Court of Ponce, after the evidence introduced by the parties had been heard, arrived at the conclusions shown in the judgment upon the points mentioned.

Said court in holding that the law and the facts are in favor of the plaintiff and in deciding the action in the terms sought in the complaint, decided that Juana Rivera Méndez was the daughter and heir of José Rivera Cintrón; that execution proceedings had been prosecuted against the latter in the former Court of First Instance of Ponce for the recov-

ery of a credit the total amount of which he did not owe; and that the action brought has not prescribed.

We have no means in this appeal of deciding whether the findings of the lower court upon the evidence were correct or not, as we have no statement of facts or statement of the case worthy of our consideration.

The record contains a statement of the case submitted by counsel for the appellant to the District Court of Ponce for approval, and a statement of additions or amendments to said statement of the case submitted by counsel for the respondent, both attorneys having signed the statement of the case and the amendments agreeing that both documents should form the statement of facts for the purpose of the appeal taken to this Supreme Court.

This statement of the case, although agreed to by the parties, is not signed or approved by the judge of the Ponce court, and therefore lacks legal value and effect for the purposes sought.

The reason is clear: If the statement of facts is to serve as a basis in the appeal for the decision of the question whether or not the judgment appealed from is contrary to the evidence heard at the trial and the law, it becomes necessary that we have before us, in an authentic form, all the evidence which the judge of the trial court considered in rendering his final judgment in the litigation submitted to his consideration, and such a statement is not authentic unless the judge approves and signs the same. The agreement of counsel for the parties, although worthy of respect, is not the form of authenticity which the law requires in a statement of facts.

This doctrine has already been established in the case of *Dolores G., widow of Barnes, and Joaquín Barnes* v. *The People of Porto Rico* (12 P. R. Rep., p. 76).

As it has not been shown in the proper manner that the judgment appealed from is contrary to the law or the evi-

dence, we must assume that it is just, and consequently it should be affirmed, with the costs of the appeal against the appellant.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras, MacLeary. and Wolf concurred.